UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE T. O/B/O A.M.T.F.,[1]

    Plaintiff,

v.                                                              1:20-CV-916 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## DECISION AND ORDER

Plaintiff Stephanie T. brought this action under the Social Security Act ("the Act") on behalf of the claimant, A.M.T.F., a minor child under 18 years of age. She seeks review of the determination by the Commissioner of Social Security (the "Commissioner") that A.M.T.F. was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 13. The Commissioner responded and cross moved for judgment on the pleadings. Dkt. 16. Plaintiff replied. Dkt. 17.

For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

On September 23, 2016, Plaintiff applied for benefits on behalf of A.M.T.F., alleging disability beginning September 4, 2015. Tr. 143.[2] The Social Security Administration initially denied her claim on January 9, 2017. Tr. 81. Plaintiff then filed a written request for a hearing on January 27, 2017, Tr. 91, which took place before an Administrative Law Judge ("ALJ") on January 22, 2019. Tr. 33-72. The ALJ issued an unfavorable decision on April 9, 2019, confirming that A.M.T.F. was not disabled. Tr. 11-28. The Appeals Council denied Plaintiff's request for review on May 18, 2020. Tr. 1-6. Plaintiff then commenced this action. Dkt. 1.

## **LEGAL STANDARDS**

### I. **District Court Review**

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

---

[2] All references to the administrative transcript (Dkt. 12) are denoted "Tr. ____." Page numbers for documents contained the transcript correspond to the pagination located in the lower right corner of each page.

2

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II. Disability Determination

A child under 18 years of age is disabled under Section 1614(a)(3)(C)(i) of the Act if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(3)(C)(i).

An ALJ will follow a three-step process to evaluate whether a child is entitled to disability benefits:

1. First, the child must not be engaged in substantial gainful activity, defined as work activity that is both substantial and gainful. 20

C.F.R. § 416.972. "Substantial work activity" involves significant physical or mental activities. *Id.* § 416.972(a). "Gainful work activity" is work usually done for pay or profit, whether or not profit is realized. *Id.* § 416.972(b). If the child is engaged in substantial gainful activity, he or she is not disabled. If he or she is not, the ALJ continues to the next step.

2. Second, the child must have a medically determinable impairment(s) that is severe—that is, it causes more than minimal functional limitations. If not, he or she is not disabled. If so, the ALJ continues to the next step.

3. Third, the child's impairment or combination of impairments must meet or medically equal or functionally equal the criteria of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If the child's impairment(s) medically or functionally equals the criteria of a listed impairment, he or she is disabled.

*Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009).

To determine whether an impairment or combination of impairments functionally equals one in the Listings, an ALJ assesses the claimant's functioning in six separate "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). That assessment compares the child's performance in each domain with the typical functioning of a child of the same age without impairment. *Id.* § 416.926a(b).

The child's impairment is of listing-level severity if there is "marked" limitation[3] in at least two domains or "extreme" limitation[4] in one domain. *Id.* § 416.926a(d). To determine whether a claimant has marked or extreme limitation in a domain, the ALJ considers functional limitations that result from all impairments—including impairments that have been deemed not severe—and their cumulative effects. *Id.* §§ 416.923, 416.924a(b)(4), 416.926a(a).

## DISCUSSION

### I. The ALJ's decision

The ALJ analyzed A.M.T.F.'s claim by applying the three-step process outlined above. The ALJ first determined that A.M.T.F. was born on October 23, 2009 and therefore was a pre-school aged child when the application was filed on September 20, 2016 and a school-aged child at the time of the ALJ's decision on April 9, 2019. Tr. 14. At step one, the ALJ found that A.M.T.F. had not engaged in substantial gainful activity since September 23, 2016. *Id.*

At step two, the ALJ determined that A.M.T.F. has the following severe impairments: "Attention Deficit Hyperactivity Disorder ('ADHD'), and borderline intellectual functioning." *Id.* At step three, the ALJ determined that none of A.M.T.F.'s impairments met or medically equaled the severity of the Listings. Tr.

---

[3] A "marked" limitation results when an impairment(s) "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).

[4] An "extreme" limitation results when an impairment(s) "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

15. The ALJ considered A.M.T.F.'s impairments under the criteria for listing 112.05, Intellectual disorder, and 112.11, Neurodevelopmental disorders. Tr. 16.

The ALJ then addressed A.M.T.F.'s abilities in each of the six domains to determine whether A.M.T.F.'s impairments functionally equaled one of the Listings. Tr. 16-28. The ALJ found that A.M.T.F. had "less than marked" limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others. Tr. 24-28. The ALJ found A.M.T.F. had no limitation in moving about and manipulating objects, caring for himself, and health and physical well-being. Tr. 25-28. The ALJ therefore concluded that A.M.T.F. was not disabled. Tr. 28.

## II. Analysis

In a childhood disability claim, an ALJ must consider the "whole child," meaning the ALJ will evaluate the child's "actual functioning in all settings" and address his or her impairments "singly and in combination." SSR 09-1p, 2009 WL 396031, at *2 (Feb. 17, 2009). The ALJ also will take into account certain supports the child receives, such as those in a structured or supportive setting. 20 C.F.R. § 416.924a(b)(5)(iv)(B) ("A structured or supportive setting may . . . be [the child's] classroom at school, whether it is a regular classroom in which [the child is] accommodated or a special classroom.").

In proceeding through the three-step evaluation for determining disability, the ALJ must consider evidence from both medical and nonmedical sources, including "teachers and other school personnel." *Id.* § 416.924a(a)(2)(iii). Evidence

from nonmedical sources, such as "teacher questionnaires, teacher checklists, group achievement testing, and report cards," may be indicative of the child's functioning on a variety of levels, including while interacting with peers and adults. *Id.* § 416.924a(b)(7)(ii). The ALJ also "will ask for any reports that the school may have that show the results of formal testing or that describe any special education instruction or services . . . or any accommodations." *Id.* § 416.924a(a)(2)(iii).

Here, in evaluating the functional equivalency of A.M.T.F.'s impairments, the ALJ considered the opinions of four of A.M.T.F.'s teachers. *See* Tr. 21. The ALJ gave "great weight" to the opinions of both of A.M.T.F.'s fourth grade teachers: classroom teacher Lynn Mayer and special education teacher Leah Hayes. *Id.*; *see also* Tr. 413-420, 423-430 (Hayes' and Mayer's respective opinions dated January 8, 2019). The ALJ gave "partial weight" to the opinion of A.M.T.F.'s 2nd grade classroom teacher Shannon Osborne and to the opinion of Heather Flores, another teacher. Tr. 21; *see also id.* at 176-183 (Osborne's opinion dated December 2, 2016).

Plaintiff argues that the ALJ's finding of "less than marked limitations in acquiring and using information and attending and completing tasks" at step three was "not supported by substantial evidence." Dkt. 13-1 at 10. Plaintiff also argues that the ALJ rejected Osborne's opinion in favor of the opinions of Hayes and Mayer for no other reason than that Osborne's "opined limitations were more serious." *Id.* at 11.

The ALJ's "rejection" of Osborne's opinion was not, as Plaintiff contends, improper. *See id.* at 12. The ALJ found that Osborne's opinion was not entitled to

7

controlling weight because it was "inconsistent with the more recent teacher evaluations" from Mayer and Hayes. Tr. 21. The applicable regulations state that the ALJ must "consider all of the relevant information in [the] case record and will not consider any single piece of evidence in isolation." *Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 61 (2d Cir. 2012) (alteration in original) (citing 20 C.F.R. § 416.924a (a)(1)(ii)). Here, in evaluating Osborne's opinion against other opinion evidence, the ALJ fulfilled his "responsibility to ensure that the evidence in [the claimant's] case is complete and consistent [and] that any material inconsistencies have been resolved," 20 C.F.R. § 416.926a(e)(4)(iii).

The ALJ's evaluation of the opinions of Hayes and Mayer was not only proper, but demonstrated that the ALJ thoroughly considered the regulatory factors in evaluating the opinion evidence. For example, the ALJ gave controlling weight to Mayer's opinion because "she has had an opportunity to carefully observe the claimant's behavior in an informal setting in multiple content areas."[5] Tr. 21. The regulations instruct the ALJ to consider a child's functioning in a variety of settings across multiple domains. 20 C.F.R. § 416.924a(b)(5) (The ALJ will gather

---

[5] The ALJ refers to "Ms. Hayes" here, but he apparently means to refer to Mayer. *See* Tr. 21. The ALJ cites to "Ms. Hayes' opinion" at "Exhibit 11F" in the administrative transcript. *Id.* But Exhibit 11F contains *only* the opinion of Mayer, not that of Hayes. *See generally* Tr. 421-430 (Exhibit 11F in the administrative transcript). The ALJ also refers to comments from Mayer's opinion here, indicating that the ALJ's assessment was of Mayer's findings. *Compare* Tr. 21 (ALJ noted "Ms. Hayes opined that [A.M.T.F.] can be successful with support from peers and staff, is a very polite and responsible student[,] and gets along with others"), *with id.* at 430 (Mayer opined A.M.T.F. "is a very polite and responsible student," "gets along with adults and peers at school," and "[w]ith support from peers and staff he can be successful.")

8

"[i]nformation about what [the child] can and cannot do, and how [the child] function[s] on a day-to-day basis at home, school, and in the community."). As A.M.T.F.'s classroom teacher, Mayer observed and evaluated A.M.T.F.'s functioning in "all content areas." Tr. 423 (Mayer's opinion). Given Mayer's knowledge of A.M.T.F.'s ability to "function on a day-to-day basis at . . . school," 20 C.F.R. § 416.924a(b)(3)(i), and the timing of Mayer's opinion relative to the ALJ's decision, *see* Tr. 28 (ALJ's decision of April 9, 2019), Tr. 423-430 (Mayer's opinion dated January 8, 2019), the ALJ properly gave great weight to Mayer's findings.

The ALJ thoroughly considered the effects of A.M.T.F.'s various accommodations in school, as well, that may have had an effect on Mayer's opinion. *See* 20 C.F.R. § 416.924a(b)(5)(iv); *see also* Tr. 17 (ALJ noting "the claimant has an [Individualized Education Program] and received special education services to address his academic performance and his attention difficulties throughout the period at issue"), Tr. 23 ("The claimant has a 504 accommodation plan, and an [Individualized Education Program] with some accommodations, but is otherwise in regular classes"), Tr. 21 (Hayes "sees the claimant five times a week for 30 minutes in a 1:5 classroom for math" and he is "seated next to the teacher"), *id.* (Mayer "paraphrases directions and checks for understanding throughout the day," and reported "the claimant is placed in the front of the class, next to a higher functioning student and complete[s] modified homework").

The ALJ's evaluation of Hayes' opinion also shows that he considered "all evidence in [A.M.T.F.'s] case record," 20 C.F.R. § 416.924a(a), including statements

9

from medical and nonmedical sources, *id.* § 416.924a(a)(1), (2), in determining disability. The ALJ found that Hayes' opinion was "consistent with the educational and treatment records, as well as with the opinion of [Jennifer Meyer, M.D.]." Tr. 21; *see also* Tr. 73-80 (Dr. Meyer's consultative opinion of January 9, 2017). Both Hayes and Dr. Meyer opined that A.M.T.F. was mildly limited in the first two functional equivalence domains, and not limited at all in the other domains. *See* Tr. 414-19 (Hayes opined A.M.T.F. had "a serious problem" in one of ten activities considered under acquiring and using information and had "an obvious problem" in one of thirteen activities considered under attending and completing tasks), Tr. 76-77 (Dr. Meyer found "less than marked" limitation in the first two domains and "no limitation" in the remaining four domains). These opinions are also consistent with Mayer's finding of minimal limitations in the first two domains and no limitation in the other domains. *See* Tr. 424-29 (Mayer found a "serious problem" in two activities in the first domain, one in the second domain, and no limitations in the last four domains.).

In sum, Plaintiff's "disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents [the Court] from reweighing it." *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016). In other words, despite Plaintiff's objections to the consideration given the opinions of A.M.T.F.'s teachers, the Court may not "decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the [ALJ]." *Fanton v. Astrue*, No. 09-CV-6586T, 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25, 2011); *see also Vincent v. Shalala*, 830 F. Supp.

126, 133 (N.D.N.Y. Aug. 12, 1993) (("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health & Hum. Servs.*, 705 F.2d 638, 642 (2d Cir. 1983))).

The ALJ "applied the appropriate legal standards" to determine disability and his determination was "supported by substantial evidence in the administrative record." *Sizer v. Colvin*, 592 F. App'x 46, 47 (2d Cir. 2015). As such, remand is not warranted.

## CONCLUSION

For the above reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 16) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 13). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   August 2, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

20-cv-916